IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| ALLSTATE FIRE & CASUALTY INSURANCE COMPANY, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| vs. | ) Case No. 2:23-cv-4024-NKL<br>) |
| LIBERTY MUTUAL FIRE INSURANCE COMPANY, et al., | )<br>)<br>) |
| Defendants. | )<br>)<br>) |

## ORDER

Before the Court is Defendant Liberty Mutual Fire Insurance Company's Motion to Dismiss Count II of Plaintiff Allstate Fire & Casualty Insurance Company's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6). *See* Doc. 5.[1] Because Allstate has failed to establish that it has Article III standing to seek a declaration interpreting Liberty Mutual's insurance policy—a policy to which Allstate is neither a party nor a third-party beneficiary— Liberty Mutual's Motion is GRANTED and Count II of Allstate's Complaint is dismissed pursuant to Rule 12(b)(1).[2]

---

[1] Liberty Mutual "assumed" standing in its original brief in support of its Motion to Dismiss. Doc. 6, at n.1. In its Reply, Liberty Mutual fully challenged Allstate's standing with respect to Count II pursuant to Rule 12(b)(1). Doc. 16. Because standing can be raised at any time and must be addressed by the Court prior to addressing the merits of any claim, the Court ordered Allstate to brief the standing issue. Doc. 35. Allstate did not file supplemental briefing, as the Court directed.

[2] Because the Court dismisses Count II under Rule 12(b)(1), it will not address the Parties' Rule 12(b)(6) arguments.

1

## I. BACKGROUND

On June 19, 2020, Defendant Austin Murry, the sales manager of BMW of Kansas City South, executed a Vehicle Buyer's Order for a 2017 BMW 530i, listing himself as the only buyer. The next day, Austin Murry lost control and crashed the vehicle near Warsaw, Missouri. Defendants Alan Murry and Jessenia Hincapie were passengers and were both injured in the crash. Both Alan Murry and Ms. Hincapie filed suit against Austin Murry in the Circuit Court of Benton County, Missouri, seeking damages.

The Parties' dispute in this Court concerns whose insurance company must pay for any damages and costs related to the June 2020 accident and the following lawsuits. The Buyer's Order indicates that Plaintiff Allstate insures the BMW. Defendant Liberty Mutual insured BMW of Kansas City South, the dealership that sold the BMW. Plaintiff Allstate seeks a declaration that Defendant Liberty Mutual must cover any costs arising out of the June 2020 crash under the terms of Liberty Mutual's policy with BMW of Kansas City South, because the dealership, not Austin Murry, owned the BMW at the time of the crash.[3]

## II. LEGAL STANDARD

To survive a Rule 12(b)(6) motion, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Zink v. Lombardi*, 783 F.3d 1089, 1098 (8th Cir. 2015) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). That means that the complaint must contain enough factual matter from which—drawing all inferences in the plaintiff's favor—the Court can conclude that the plaintiff can satisfy each element of the cause of

---

[3] In Count I of its Complaint, Allstate separately seeks a declaration that it does not owe coverage under its policy. Count I is not at issue in this Motion.

action pled.  *Cornerstone Consultants, Inc. v. Prod. Input Sols., L.L.C.*, 789 F. Supp. 2d 1029, 1049 (N.D. Iowa 2011).

However, standing is a question of subject matter jurisdiction, and it must therefore be addressed before determining whether a plausible claim exists on the merits.  *Cook v. ACS State & Local Sols., Inc.*, 756 F.Supp.2d 1104, 1106 (W.D. Mo. 2010).  The party invoking jurisdiction bears the burden of establishing the elements of standing.  *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992).  To establish standing, a declaratory judgment plaintiff must "demonstrate that he has suffered [an] injury in fact, that the injury is fairly traceable to the actions of the defendant, and that the injury will likely be redressed by a favorable decision."  *Bennett v. Spear,* 520 U.S. 154, 162 (1997).

### III. DISCUSSION

Liberty Mutual argues that Allstate lacks standing to seek a declaration that Liberty Mutual's policy with BMW of Kansas City South covers Austin Murry's accident.  Specifically, Liberty Mutual claims that because Allstate is neither a party nor a third-party beneficiary to Liberty Mutual's insurance policy, Allstate has no legal interest in whether Liberty Mutual's policy covers Austin Murry's accident.  The Court agrees.

Article III of the United States Constitution requires a litigant to assert its own legal rights and interests; it cannot rest a claim for relief on the legal rights or interests of third parties.  *Valley Forge Christian College v. Americans United for Separation of Church & State,* 454 U.S. 464, 474–75 (1982). To that end, to seek a declaratory judgment, a plaintiff must show it is "in immediate danger of sustaining threatened injury traceable to an action of [defendants]."  *Cty. of Mille Lacs v. Benjamin*, 361 F.3d 460, 464 (8th Cir. 2004).  When a plaintiff is neither a party nor a third-party beneficiary to a contract, it generally lacks the concrete interest necessary to prove injury in fact in a declaratory judgment action.  *Premier Pyrotechnics, Inc. v. Zambelli Fireworks*

3

*Mfg. Co.*, No. 05-cv-3112, 2005 WL 1307682, at *2 (W.D. Mo. May 31, 2005); *Radha Geismann, M.D., P.C. v. Am. Econ. Ins. Co.*, No. 4:12-CV-1962, 2013 WL 5312714, at *2 (E.D. Mo. Sept. 20, 2013).[4] In Count II, Allstate effectively asks the Court to resolve a controversy between Liberty Mutual and Austin Murry, not any controversy involving Allstate. There are no allegations that Allstate is a party or a third-party beneficiary to the Liberty Mutual policy, nor are there any allegations that Allstate will be (or can be) affected by the resolution of Liberty Mutual's coverage obligations under Liberty Mutual's insurance policy. Said differently, there is no indication that Allstate is at any risk of harm that is traceable to Defendant Liberty Mutual; Allstate is instead attempting to litigate Austin Murry's interests. It does not have standing to do so. Allstate can properly seek a declaration that it owes no coverage for the June 2020 accident under its *own* policy—which it does in Count I of the Complaint. However, Allstate has not met its burden to prove that it may go a step farther and affirmatively seek a declaration that *another* insurance company's policy applies.

The resolution of whether Liberty Mutual is obligated to cover the June 2020 crash by its policy with BMW of Kansas City South in no way affects Allstate's legal rights or interests. Allstate independently maintains that it has no obligation to cover the June 2020 accident by the terms of its own policy, and, from the allegations in the Complaint, there is no indication that

---

[4] *Little v. Kirkstall Rd. Enterprises, Inc.*, No. 4:19-cv-1786, 2020 WL 435747, at *3 (E.D. Mo. Jan. 28, 2020); *Anderson v. Aramark Mgmt. Servs. Ltd. P'ship*, No. 4:16-CV-1700 (CEJ), 2017 WL 1477147, at *4 (E.D. Mo. Apr. 24, 2017) (finding plaintiffs lacked standing to seek a declaration of rights under an agreement where they failed to present evidence that they were parties to or third-party beneficiaries of the agreement); *see also Ponchik v. King*, 957 F.2d 608, 609 (8th Cir. 1992) (finding plaintiffs lacked standing to sue where they were not parties to the contract or third-party beneficiaries); *Farmers Ins. Co. v. Miller*, 926 S.W.2d 104, 107 (Mo. Ct. App. 1996) ("Where [plaintiffs] do not have a right to enforce the contract themselves, and where they are not third party beneficiaries to the contract, no standing exists under the Declaratory Judgment Act to bring an action to determine the rights of the parties under the contract.").

Allstate's obligations are in any way affected by the scope of Liberty Mutual's coverage. For that reason, Allstate lacks a legally cognizable injury in fact, and has failed to plausibly establish standing.

## IV. CONCLUSION

Because Allstate has no concrete interest in whether Liberty Mutual has any obligation to cover costs arising out of Austin Murry's June 2020 accident under its policies with BMW of Kansas City South, Allstate lacks standing to pursue Count II of its Complaint. Count II is hereby DISMISSED pursuant to Rule 12(b)(1).

SO ORDERED.

s/ Nanette K. Laughrey
NANETTE K. LAUGHREY
United States District Judge

Dated: 6/14/2023
Jefferson City, Missouri